**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>**EARNEST BREVARD BADGER,**<br><br>**Defendant** | NO. 3: 07-CR-15 (CAR)<br><br>VIOLATION: Firearms Related |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Ms. Demetria Nicole Williams of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Michael T. Solis. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Services Report dated March 3, 2008, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

　　☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

　　☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, including Government's Exhibits 1 through 8 (inclusive) admitted without objection, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated March 3, 2008, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure future appearance of the defendant or the safety of the community were he to be released from custody at this time. Defendant BADGER has strong family and employment ties to the Athens, Georgia area. However, the offense charged against him is a serious one for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty. The defendant's estimated guideline sentencing range is 235 months to 293 months in prison.

Defendant BADGER has a long history of criminal arrests and convictions going back to 1979. He has numerous felony convictions including the following: POSSESSION WITH INTENT TO DISTRIBUTE HEROIN, 1981, Superior Court of Athens-Clarke County, Georgia; BURGLARY, 1982, Superior Court of Athens-Clarke County; ARMED ROBBERY, ASSAULT AND BATTERY WITH INTENT TO KILL, POINTING AND PRESENTING A FIREARM, 1986, Court of General Sessions, Columbia, South Carolina; THEFT BY SHOPLIFTING (felony), 1999, Superior Court of Athens-Clarke County; VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, 1999, Superior Court of Athens-Clarke County; and, POSSESSION OF A FIREARM BY A CONVICTED FELON, 1999, Superior Court of Athens-Clarke County.

In addition, defendant BADGER has a history of both probation and parole violations indicating an inability to comply with instructions of those charged with supervising him. He has exhibited a propensity to engage in criminal conduct going back almost 30 years.

For the foregoing reasons, pretrial detention is mandated. Mr. BADGER' behavior clearly indicates an inability to conform to conditions of supervision making him an inappropriate candidate for pretrial supervision in this case. Pretrial detention is thus ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant BADGER shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility BADGER deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 10th day of MARCH, 2008.

*/s/ Claude W. Hicks, Jr.*

**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**